UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Frankie Maynor** **Docket No. 7:23-CR-109-1FL**

**Petition for Action on Supervised Release**

COMES NOW Jared Britt, Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Frankie Maynor, who, upon an earlier plea of guilty to Count 1: Conspiracy to Distribute 40 Grams or More of Fentanyl, a Quantity of Cocaine, and a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(a)(1); Count 2: Possession With Intent to Distribute 40 Grams or More of Fentanyl, a Quantity of Cocaine, and a Quantity of Cocaine Base (Crack), and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on May 23, 2024, to the custody of the Bureau of Prisons for a term of 84 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 48 months.

Frankie Maynor was released from custody and his term of supervised release commenced on April 2, 2025, after he received an Executive Grant of Clemency from President Joseph R. Biden Jr.

On November 25, 2025, the defendant's case was reassigned to the Honorable Louise W. Flanagan, United States District Judge, for all further proceedings.

On December 2, 2025, a Violation Report was submitted to the court advising that the defendant had failed to make any payments toward his monetary obligation. Supervision was continued without modification.

On February 6, 2026, a Violation Report was submitted to the court advising that the defendant has been charged with Communicating Threats (26CR219495) in Robeson County, North Carolina. Supervision was continued pending adjudication in state court. This charge was ultimately dismissed in state court.

At sentencing, the defendant was ordered to abide by mandatory and standard conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, On April 7, 2025, the defendant signed a payment agreement agreeing to pay $25 dollars per month towards his financial obligation. To date, the defendant has failed to make a payment and is currently $150 dollars in arrears. When questioned regarding his missed payments, the defendant advised that he has been paying an attorney to assist him with getting his license back and informed this officer that he was going to make a payment this month. At this time, the probation office requests no further action be taken

to give the defendant an opportunity to come back into compliance with his court ordered monetary obligations.

Additionally, On September 19, 2026, the defendant received a citation for Driving While License Revoked and Speeding (26CR12437) in Robeson County, North Carolina. When questioned, the defendant admitted to driving without a license and advised that he was driving for work purposes. He advised that he is working with a local attorney to get his license restored. The defendant was instructed to not drive until properly licensed. At this time, the probation office requests no further action be taken to give the defendant an opportunity to obtain his license. If this conduct continues additional action may be requested from the court.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Mindy Threlkeld
Mindy Threlkeld
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/Jared Britt
Jared Britt
U.S. Probation Officer
150 Rowan Street, Suite 110
Fayetteville, NC 28301
Phone: 910-354-2549
Executed On: September 29, 2026

**ORDER OF THE COURT**

Considered and ordered this 1st day of October, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
United States District Judge